**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0276-18T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

HASSAN E. BEY,

      Defendant-Appellant.

_____

Submitted October 10, 2019 – Decided October 24, 2019

Before Judges Haas and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 13-06-1277.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Alanna M. Jereb, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from a June 26, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In accordance with Hudson County Indictment 13-06-1277, defendant was charged with third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(c)(2); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4; third-degree possession of a prohibited weapon, N.J.S.A. 2C:39-3(b); fourth-degree obstructing the administration of law, N.J.S.A. 2C:29-1; third-degree resisting arrest, N.J.S.A. 2C:29-2(a); fourth-degree tampering with physical evidence, N.J.S.A. 2C:28-6(1); third-degree receiving stolen property, N.J.S.A. 2C:20-7; and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b).

Defendant was tried only on the charge of certain persons not to have weapons. The jury found defendant guilty and the judge sentenced him to a ten-year prison term with a five-year period of parole ineligibility.

There was a second indictment in Hudson County, Indictment 14-07-1246, charging defendant with possession of heroin, N.J.S.A. 2C:35-10(a)(1), and resisting arrest, N.J.S.A. 2C:29-2(a). Defendant pleaded guilty to possession of a controlled dangerous substance and was sentenced to a flat three-year prison term concurrent with the sentence on Indictment 13-06-1277.

Defendant filed a direct appeal as to the conviction on Indictment 14-07-1246. We affirmed defendant's conviction and sentence. State v. Hassan E. Bey, No. A-1872-15 (App. Div. June 8, 2017). Defendant's subsequent petition for certification to the New Jersey Supreme Court was denied. State v. Hassan E. Bey, 231 N.J. 407 (2017).

After rejection of his petition for certification, defendant filed a PCR application. Defendant claimed his trial counsel was ineffective for failing to investigate a possible witness, D.M. Defendant alleged D.M. would have testified defendant did not have the weapon that led to his conviction for certain persons not to have weapons.

The PCR judge denied the petition in a thorough oral decision placed on the record on June 25, 2018. The judge concluded D.M.'s inconsistent statements regarding the weapon rendered "it . . . plausible and perhaps advisable that trial counsel's decision to refrain from calling [D.M.] as a witness was a tactical decision to which deference must be given." In addition, the judge determined defendant "failed to show that the decision to omit [D.M.] as a witness was more than a mere tactical strategy."

On appeal, defendant raises the following arguments:

A-0276-18T4

POINT I

THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.

POINT IA.  LEGAL PRINCIPLES.

POINT IB.  FAILURE TO CALL [D.M.] AS A WITNESS.

Based on our review of the record, we affirm substantially for the reasons stated by Judge Patrick J. Arre in his comprehensive June 25, 2018 oral decision. Mindful of our deferential review of trial counsel's performance, we agree there are no grounds to second guess trial counsel's strategic decisions. See State v. Cooper, 410 N.J. Super. 43, 57 (App. Div. 2009) ("Decisions as to trial strategy or tactics are virtually unassailable on ineffective assistance of counsel grounds.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0276-18T4